Henderson, Judge,
 

 delivered the opinion of the Court:
 

 "We must draw the rules by which- this case is to be decided, from other sources than those of moral justice. They flow entirely from the act of Assembly which prohibits the creation of any right on the event of a horse-race, and leaves the parties, as to any remedy, precisely where they were, if no such agreement had been made. And were it not that T am bound down by decisions, I should say that all money or other thing paid or delivered on any such event is still the property or right of the original owner. For it bears no analogy to a gift, where the property cannot be recovered back, although there is no consideration, but a delivery on a vicious consideration, which can give no right. But it is now too late to contend that money can be recovered back after it has been actually paid in discharge of an illegal wager.
 

 In all the cases where money has been deposited with an agent or stakeholder, it has been attempted to retain it or to justify the delivery to the winner, upon the ground only of the possession of the stakeholder being the possession of the winner, and that there was nothing left for the loser to do: that as far as he was trusted, he had done all he liad to do ,• thereby acknowledging the general rule, that until paid it was recoverable by the person who made the deposit. It appears to me extremely clear that as long as the money remains in the hands of the stakeholder, it belongs to him who has the “ legal rightand the legal right, which certainly was in the person depositing, when the deposit was made, cannot be divested out of him and placed in another by the event of an illegal wager.
 
 *462
 
 Rights cannot be divested and created by such means* The fact is, it was once his, and nothing has taken place which in law has divested it. I need not examine authorities to prove these positions
 
 ;
 
 the principles are admitted in all the cases, and it is quite possible that in some they have been misapplied. The case in
 
 7
 
 Term Reports, 535,
 
 *
 
 is badly reported
 
 ;
 
 the argument of the- counsel and the opinion of the Court do not fit the case stated, which is very clearly an action brought by the winner, not the loser, cither against, the party or the stakeholder,- for as against either he was clearly entitled to recover the 100Í. the amount of his deposit, but not the 300i. the sum alleged to be won j for on what pretence could either the loser or stakeholder retain it ? I am only surprised that so plain a case should have engaged the attention of the reporter. In the case in East, it is taken for granted that if the money be not paid to the illegal claimant, it may be recovered back
 
 -,
 
 and it was insisted that giving him credit on the books of the broker, who effected the illegal insurance, was a paying over, or amounted to a payment j and therefore could not be recovered against the broker, who was the agent or stakeholder of both parties. But it was said
 
 *463
 
 by the Court that it was no payment, anti the Plaintiff recovered. That case is much stronger than this, by reason of the credit entered on the books of the broker. We are well warranted in saying, that whilst the money is
 
 in transitu,
 
 before it comes to the actual possession of the winner by the directions of the loser to pay it over, after the event, or by his omitting' to forbid the payment when lie
 
 might
 
 if he thought proper, it is subject to be reclaimed by the person who made the deposit. The rule for a new trial must be discharged.
 

 *
 

 This was an action of assumpsit on an agreement made
 
 on the
 
 14th January,
 
 1797,
 
 by which the Defendant, in consideration that the Plaintiff had paid him 100Z. agreed to pay him 300Z.
 
 “
 
 if articles forming the “ basis of a peace, and signed by some official characters, by which hos-
 
 “
 
 tilities would Cease and would not recommence, were not settled be- “ tween England and France on or before the 14th September, 1797.” The declaration also contained the common money counts. On the trial at Westminster Sittings before Lord Kenyon, Ch. J. it wjas admitted that the wager was illegal, and that the Plaintiff could not recover on the special count; but, by the direction of the Judge, the Plaintiff obtained a verdict for the 100J. paid by him to the Defendant. A motion was made to set aside the verdict, and the Court of King’s Bench refused to allow the motion ¡ saying it was more consonant to the principles of sound policy and justice, that wherever money has been paid upon an illegal consideration, it may be recovered back again by the party who has thus improperly paid it, than by denying the remedy, to give effect to the illegal contract; and they referred to the case of Cotton v. Thurland, 5 Term Rep. 405.